THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK S. HEISER, Executor, etc., Relator, v. THE BOARD OF ASSESSORS, Respondents.

*Where assessors have completed the roll and sent it to another board — the roll cannot be corrected by means of a writ of certiorari issued to the assessors.*

WRIT of *certiorari* to review proceedings in relation to an award for a change of grade of Eighth avenue in New York.

The court at General Term said : "This proceeding is one to review the action of the respondents, in awarding damages to the relator and executor of the last will and testament of Christina E. Smith, deceased ; but it appears that the respondents, who constitute a board of assessors, had concluded their labors in regard to the subject and had transmitted to the board of revision and correction the assessment list ; and, further, that the statement of awards had been filed in the finance department before the writ herein was issued. There is, therefore, nothing before the board of assessors, and the relator's remedy is not by this mode of procedure. The office of a *certiorari* accomplishes nothing under such circumstances. The assessment-roll is not in their possession or under the control of the respondents, and this court, as said in the case of *The People ex rel. Raplee* v. *Reddy* (43 Barb., 539) cannot, therefore, "render any judgment that can affect the assessment-roll, or correct any errors, although it is satisfied that there was error in the proceedings." See, also, *People ex rel. Buffalo R. R.* v. *Fredericks* (48 Barb., 173), and cases cited. The case referred to by the relator, in response, apparently, to this view (*vide The People ex rel. O. V. Nat. Bk.* v. *Supervisors of Mad. Co.*, 51 N. Y., 442) is one in which a valid claim was presented to the board of supervisors and they rejected it. The court held that on *certiorari* they could reverse the action of the board, leaving the relator to a further remedy to enforce payment. It must be borne in mind, however, that the control of the claim had not passed away from the board of supervisors, which in regard to it was an existing authority. Such is not the case when the assessors having completed the roll transfer it to another body for revision and correction. Their functions have ceased."

*H. M. Whitehead*, for the relator. *Hugh L. Cole*, for the respondents.

Opinion by BRADY, J., DAVIS, P. J., and INGALLS, J., concurred.

Writ dismissed.